**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-60684
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES MONROE CHILDRESS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CR-81-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

James Monroe Childress, federal prisoner # 08696-043, challenges the district court's denial of his motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce his sentence. Childress pleaded guilty in 2005 to knowingly and intentionally possessing with the intent to distribute less than 500 grams of cocaine base. *See* 21 U.S.C. § 841(a)(1). The district court sentenced him to a term of imprisonment of 120 months, the statutory minimum term. *See* § 841(b)(1)(A).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Childress seeks a reduction in this sentence based on the retroactive Sentencing Guidelines amendments, which lowered the offense levels, and therefore the penalties, for crack cocaine offenses. *See* U.S.S.G. Supp. to App. C, Amends. 706, 713 (2008); *United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008).

As Childress concedes, the district court lacked authority to impose a sentence below the statutory minimum sentence unless the Government moved for a sentence reduction based on the defendant's substantial assistance or Childress qualified for a safety-valve sentence reduction. *See United States v. Harper*, 527 F.3d 396, 411 (5th Cir.), *cert. denied*, 129 S. Ct. 212 (2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 559 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Childress makes no argument that he meets either of the limited circumstances for a sentence below the statutory minimum. *See Harper*, 527 F.3d at 411. Accordingly, the decision of the district court is AFFIRMED.